## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| VERIZON WASHINGTON, D.C. INC.<br>1710 H Street, N.W.-11th Floor<br>Washington, D.C. 20006<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>SERVE:   Channing D. Phillips<br>         United States Attorney's Office<br>         for the District of Columbia<br>         555 Fourth Street, N.W.<br>         Washington, DC 20530<br>and<br><br>GENERAL SERVICES ADMINISTRATION<br><br>SERVE:   Channing D. Phillips<br>         United States Attorney's Office<br>         for the District of Columbia<br>         555 Fourth Street, N.W.<br>         Washington, DC 20530<br><br>    Defendants. | Case No.: 1:16-cv-1925 |

## COMPLAINT

1.  This action arises under, *inter alia,* the Federal Tort Claims Act, 28 U.S.C. §§2671-2680.

2.  This Court has jurisdiction pursuant to 28 U.S.C. §1346(b).

3.  Plaintiff, Verizon Washington, D.C. Inc. ("Plaintiff"), maintains offices and is licensed to conduct business in Washington, D.C.

4.   Defendant, United States of America, represents the government of the United States of America.

5.   Defendant, General Services Administration, is an independent agency of the government of the United States of America.

6.   At all times relevant herein, Plaintiff had and lawfully maintained as part of its telephone service distribution system, certain telecommunications equipment, lawfully placed at or near 17th and F Street, in Washington, D.C.

7.   On or about November 6, 2014, steam from and/or off steam pipes owned, maintained and controlled by Defendant United States of America, and/or Defendant General Services Administration caused damage to Verizon's underground facilities at or near the intersection of 17th and F Street, in Washington, D.C.

8.   On or about February 17, 2015, Plaintiff timely notified, via certified mail, Defendant General Services Administration, of the claim for property damage underlying the instant action and the amount due Plaintiff, in accordance with the Federal Tort Claims Act.

9.   Jurisdiction is proper as all acts complained of took place in Washington, D.C.

## COUNT I
**(Negligence-United States of America)**

10.   Plaintiff repeats, re-alleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

11.   At all times relevant hereto, Defendant, United States of America, and its agents, servants, and/or employees owed a duty to inspect, maintain, and/or repair its steam pipes with reasonable care to prevents its pipes from damaging the underground facilities of Verizon.

12. Defendant, United States of America, and its agents, servants, and/or employees breached its duties by failing to inspect, maintain, and repair its pipes in a reasonable, safe, and prudent manner. This negligence consisted of, among other things, failure to exercise due care to prevent steam leaks, failure to exercise due care to prevent its pipes from causing secondary steam, failure to properly notify Verizon of the potential of harm, failure to properly instruct and supervise agents, servants and/or employees in filling its obligations as set forth herein and other negligence.

13. As a direct and proximate result of the negligence of Defendant, United States of America, and its agents, servants and/or employees, Verizon's underground telephone equipment was damaged at or near the intersection of 17th and F Street in Washington, D.C. by primary and/or secondary steam from the Defendant United States of America's steam pipes.

14. By reason of the damage caused by Defendant, United States of America, and its agents, servants, and/or employees to Verizon's underground telephone equipment, Verizon was required to expend $66,725.71 for repair and/or replacement of same and suffered other damages and expenses, all of which were caused by the aforementioned negligence, without any negligence on the part of Verizon contributing thereto.

**WHEREFORE,** the foregoing considered, Plaintiff Verizon demands judgment against Defendant United States of America in the amount of $66,725.71 plus interest, costs, and any other relief this Court deems just and proper.

### COUNT II
### (Trespass/Interference with Easement-United States of America)

15. Plaintiff repeats, re-alleges, and incorporates by reference each of the foregoing

paragraphs as though fully set forth herein and further alleges that Defendant United States of America and its agents, servants, and/or employees committed a trespass upon Verizon's lawfully placed underground telephone equipment.

16. Plaintiff Verizon is a public service company engaged in, among other things, the supply and distribution of telephone service for the use of the general public throughout the District of Columbia.

17. Pursuant to Verizon's lawful franchise rights and easements, it had and maintained at all times relevant herein as part of its telephone distribution system certain underground telephone equipment lawfully placed at or near the intersection of 17th Street and F Street in Washington, D.C.

18. Defendant, United States of America, and its agents, servants, and/or employees trespassed on Verizon's easement, its use thereof and the use of its underground telephone equipment therein, by allowing steam from and/or off its pipes to enter Verizon's easement and damage the property within.

19. This trespass impaired the integrity of Verizon's easement by damaging the underground telephone equipment therein by extreme heat caused by steam from or off the Defendant United States of America's pipes.

20. As a direct and proximate result of this trespass and by reason of the damages caused by Defendant United States of America, and its agents, servants, and/or employees to Verizon's underground telephone equipment, Verizon was required to expend $66,725.71 for repair and/or replacement of same and suffered other damages and expenses, all of which were caused by the aforementioned trespass without the authority or permission of Verizon.

**WHEREFORE**, the foregoing considered, Plaintiff Verizon demands judgment against Defendant United States of America in the amount of $66,725.71, plus interest, costs, and any other relief this Court deems just and proper.

## COUNT III
### (Nuisance-United States of America)

21. Plaintiff repeats, re-alleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein, and further alleges that Defendant, United States of America, and its agents, servants and/or employees created a nuisance which damaged and interfered with the use of Verizon's lawfully placed underground telephone equipment.

22. Upon information and belief and at all times relevant herein, Defendant United States of America, and its agents, servants, and/or employees maintained steam pipes in close proximity to Verizon's underground telephone equipment. Defendant failed to inspect, maintain and/or repair its steam pipes, which caused severe damage to the Verizon underground facilities.

23. As a result of Defendant's conduct, Plaintiff's underground telephone equipment was damaged by extreme heat caused by steam from or off Defendant's steam pipes, resulting in a substantial and unreasonable interference with the use of those telephone lines by both Verizon and the general public.

24. The conduct of the Defendant United States of America, and its agents, servants, and/or employees was unreasonable and constituted a nuisance because the Defendant failed to inspect, maintain, and/or repair its steam pipes, which were in close proximity to Verizon's underground facilities, so as to prevent leaks and/or secondary steam from damaging Verizon's underground facilities.

25. As a direct and proximate result of this nuisance and by reason of the damages caused by Defendant United States of America, and its agents, servants, and/or employees to Verizon's underground telephone equipment, Verizon was required to expend $66,725.71 for repair/replacement of same and suffered other damages and expenses.

**WHEREFORE**, the foregoing considered, Plaintiff Verizon demands judgment against Defendant United States of America, in the amount of $66,725.71, plus interest, costs, and any other relief this Court deems just and proper.

## COUNT IV
### (Negligence- General Services Administration)

26.   Plaintiff repeats, re-alleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

27.   At all times relevant herein, Defendant, General Services Administration, and its agents, servants, and/or employees owed a duty to inspect, maintain, and/or repair its steam pipes with reasonable care to prevent its pipes from damaging the underground facilities of Verizon.

28.   Defendant General Services Administration and its agents, servants, and/or employees breached its duties by failing to inspect, maintain, and repair its pipes in a reasonable, safe, and prudent manner. This negligence consisted of, among other things, failure to exercise due care to prevent steam leaks, failure to exercise due care to prevent its pipes from causing secondary steam, failure to properly notify Verizon of the potential of harm, failure to properly instruct and supervise agents, servants and/or employees in filling its obligations as set forth herein and other negligence.

29.   As a direct and proximate result of the negligence of Defendant General Services

Administration, and its agents, servants and/or employees, Verizon's underground telephone equipment was damaged at or near the intersection of 17th and F Street in Washington, D.C. by primary and/or secondary steam from the Defendant United States General Services Administration's steam pipes.

30. By reason of the damage caused by Defendant General Services Administration, and its agents, servants, and/or employees to Verizon's underground telephone equipment, Verizon was required to expend $66,725.71 for repair and/or replacement of same and suffered other damages and expenses, all of which were caused by the aforementioned negligence, without any negligence on the part of Verizon contributing thereto.

**WHEREFORE,** the foregoing considered, Plaintiff Verizon demands judgment against Defendant General Services Administration in the amount of $66,725.71 plus interest, costs, and any other relief this Court deems just and proper.

### COUNT V
### (Trespass/Interference with Easement- General Services Administration)

31. Plaintiff repeats, re-alleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein and further alleges that Defendant General Services Administration and its agents, servants, and/or employees committed a trespass upon Verizon's lawfully placed underground telephone equipment.

32. Plaintiff Verizon is a public service company engaged in, among other things, the supply and distribution of telephone service for the use of the general public throughout the District of Columbia.

33. Pursuant to Verizon's lawful franchise rights and easements, it had and maintained at

all times relevant herein as part of its telephone distribution system certain underground telephone equipment lawfully placed at or near the intersection of 17th Street and F Street in Washington, D.C.

34. Defendant General Services Administration, and its agents, servants, and/or employees trespassed on Verizon's easement, its use thereof and the use of its underground telephone equipment therein, by allowing steam from and/or off its pipes to enter Verizon's easement and damage the property within.

35. This trespass impaired the integrity of Verizon's easement by damaging the underground telephone equipment therein by extreme heat caused by steam from or off the Defendant General Services Administration's pipes.

36. As a direct and proximate result of this trespass and by reason of the damages caused by Defendant General Service Administration, and its agents, servants, and/or employees to Verizon's underground telephone equipment, Verizon was required to expend $66,725.71 for repair and/or replacement of same and suffered other damages and expenses, all of which were caused by the aforementioned trespass without the authority or permission of Verizon.

**WHEREFORE**, the foregoing considered, Plaintiff demands judgment against the Defendant, General Services Administration in the amount of $66,725.71, plus interest, costs, and any other relief this Court deems just and proper.

### COUNT VI
### (Nuisance- General Services Administration)

37. Plaintiff repeats, re-alleges, and incorporates by reference each of the foregoing

paragraphs as though fully set forth herein, and further alleges that Defendant General Services Administration, and its agents, servants and/or employees created a nuisance which damaged and interfered with the use of Verizon's lawfully placed underground telephone equipment.

38. Upon information and belief and at all times relevant herein, Defendant General Services Administration and its agents, servants, and/or employees maintained steam pipes in close proximity to Verizon's underground telephone equipment. Defendant failed to inspect, maintain and/or repair its steam pipes, which caused severe damage to the Verizon underground facilities.

39. As a result of Defendant General Services Administration's conduct, Plaintiff Verizon's underground telephone equipment was damaged by extreme heat caused by steam from or off Defendant's steam pipes, resulting in a substantial and unreasonable interference with the use of those telephone lines by both Verizon and the general public.

40. The conduct of the Defendant General Services Administration and its agents, servants, and/or employees was unreasonable and constituted a nuisance because the Defendant failed to inspect, maintain, and/or repair its steam pipes, which were in close proximity to Verizon's underground facilities, so as to prevent leaks and/or secondary steam from damaging Verizon's underground facilities.

41. As a direct and proximate result of this nuisance and by reason of the damages caused by Defendant General Services Administration, and its agents, servants, and/or employees to Verizon's underground telephone equipment, Verizon was required to expend $66,725.71 for repair/replacement of same and suffered other damages and expenses.

**WHEREFORE**, the foregoing considered, Plaintiff Verizon demands judgment against

the Defendant General Services Administration in the amount of $66,725.71, plus interest, costs, and any other relief this Court deems just and proper.

    Respectfully Submitted,

    **ANDERSON & QUINN, LLC**

    */s/ Melissa J. Townsend*
    Melissa J. Townsend
    Adams Law Center
    25 Wood Lane
    Rockville, Maryland 20850
    (301) 762-3303
    *Attorneys for Plaintiff*